UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MENDIOLA,<br><br>   Petitioner,<br><br>v.<br><br>W.J. SULLIVAN, Warden,<br><br>   Respondent. | Case No. 07-CV-0130 W (JMA)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE ON PETITION FOR WRIT OF HABEAS CORPUS** |

## I. <u>Introduction</u>

On January 19, 2007, Michael Mendiola ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] On February 6, 2007, the Court dismissed the Petition without prejudice and with leave to amend. [Doc. No. 3.] On April 26, 2007 (nunc pro tunc to March 19, 2007), Petitioner filed a First Amended Petition (hereinafter the "Petition"). [Doc. No. 10.] On November 16, 2007, Respondent filed an Answer. [Doc. No. 8.][1]

---

[1] Petitioner did not file a Traverse to Respondent's Answer. Because Petitioner did not file a Traverse, the allegations of the Answer "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248.

The Petition raises a single claim for relief and challenges Petitioner's San Diego Superior Court sentence in case number D45024 for one count of felony possession of methamphetamine. (Lodgment No. 1, Clerk's Transcript ("CT"), at 52; Lodgment No. 2, Reporter's Transcript ("RT"), at 21-22.)  Petitioner contends that the trial court violated his Sixth Amendment right to have a jury determine every fact legally essential to his sentence when the trial court imposed an eight-year upper term sentence based upon a finding that Petitioner's performance on probation or parole for a prior crime was unsatisfactory.  (Petition, Ground One, at 6 & see Exhibit A, at 5; RT at 21.)

Respondent contends that Petitioner has not exhausted his state court remedies and that relief is precluded by Teague v. Lane, 489 U.S. 288 (1989).  Furthermore, Respondent contends the Court should deny the claim on the merits because the California Court of Appeal's decision was reasonable in that it sentenced Petitioner within the statutory maximum and, even assuming the trial court erred, the error was harmless.  (Answer at 12-17.)

The Court has considered the Petition, Respondent's Answer, and all the supporting documents submitted by the parties.  Based upon the documents and evidence presented in this case, and for the reasons set forth below, the Court recommends the Petition be **DENIED**.

**II.   Factual Background**

This Court gives deference to state court findings of fact and presumes them to be correct.  Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); see also Parke v. Raley, 506

U.S. 20, 35-36 (1992) (holding findings of historical fact, including inferences properly drawn from such facts, are entitled to statutory presumption of correctness). The facts as found by the state appellate court are as follows:

> [¶] Michael Mendiola entered a guilty plea to possessing a controlled substance (Health & Saf. Code § 11377, subd. (a)), admitted two prior strikes (Pen. Code, §§ 667 subds. (b)-(i), 1170.12, 668) (footnote omitted) and serving two prior prison terms (§§ 667.5, subd. (b), 668). The court dismissed one prior strike and sentenced him to eight years in prison: double the three-year upper term for possessing a controlled substance with a prior strike, enhanced by two 1-year terms for the prior prison terms. Mendiola contends the trial court denied him his Sixth Amendment right to a jury trial when it imposed the upper term.
>
> [¶] On December 19, 2003, while a National City police officer responded to a report of graffiti painting, the officer searched Mendiola pursuant to a parole waiver of his Fourth Amendment rights. The officer found .16 grams of methamphetamine in Mendiola's pocket. Mendiola admitted a 1992 voluntary manslaughter conviction and a 1993 conviction of carjacking.

(Lodgment No. 5 at 1-2.)

### III. **Procedural Background**

The San Diego County District Attorney's Office filed a Felony Complaint charging Michael Mendiola with one count of felony possession of methamphetamine in violation of California Health and Safety Code section 11377(a). (CT at 1-4.) The Complaint alleged that Petitioner had served two prior prison terms for violation of California Penal Code (hereinafter "Penal Code") sections 667.5(b) and 668. (CT at 2.) The Complaint further alleged that Petitioner had two strike priors within the meaning of Penal Code sections 667(b)-(i), 1170.12, and 668. (CT at 3.)

Petitioner pled guilty to felony possession of methamphetamine and admitted the priors. (CT at 5; RT at 1-4.)

The trial court sentenced Petitioner to an eight-year term consisting of the upper term of three years, doubled for a strike prior, plus two consecutive one-year terms for the prison priors. (CT at 35, 52; RT at 21-22.)

## IV. Discussion

### A. Standard of review

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added).

The current Petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). <u>See</u> <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997). As amended, 28 U.S.C. § 2254(d) reads:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was <u>adjudicated on the merits</u> in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (emphasis added).

To obtain federal habeas relief, Petitioner must satisfy either § 2254(d)(1) or § 2254(d)(2). <u>See</u> <u>Williams v. Taylor</u>, 529

U.S. 362, 403 (2000). The Supreme Court interprets § 2254(d)(1) & (2) as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 412-13; see also Lockyer v. Andrade, 538 U.S. 63, 73-74 (2003).

Where there is no reasoned decision from the state's highest court, this Court "looks through" to the underlying appellate court decision. Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991). However, a state court need not cite Supreme Court precedent when resolving claims presented on direct or collateral review. Early v. Packer, 537 U.S. 3, 8 (2002). "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent]," id., the state court decision will not be "contrary to" clearly established federal law. Id.

Petitioner initially raised this sentencing claim in his direct appeal. (Lodgment No. 3.) The California Court of Appeal affirmed the trial court's decision in an unpublished opinion. (Lodgment No. 5 at 3.) The California Supreme Court denied a subsequent Petition for Review without comment. (Lodgment Nos. 6-7.) Because the California Supreme Court did not "furnish a basis for its reasoning," this Court must look through to the reasoning of the underlying decision of the California Court of Appeal. See Nunnemaker, supra, 501 U.S. at 801-06. The

California Court of Appeal denied Petitioner's sentencing claim, stating:

> [¶] Relying primarily on *Apprendi v. New Jersey* (2000) 530 U.S. 466 and *Blakely v. Washington* (2004) 542 U.S. 296 [sic], Mendiola argues he was denied his Sixth Amendment right to have a jury determine beyond a reasonable doubt whether aggravating factors exist that justify imposition of the upper term. However the California Supreme Court recently held "the judicial factfinding that occurs when a judge exercises discretion to impose an upper term sentence . . . does not implicate a defendant's [Sixth Amendment] right to jury trial." (*People v. Black* (2005) 35 Cal.4th 1238.) Mendiola does not have a Sixth Amendment right to have a jury determine whether aggravating factors supported the upper term.

(Lodgment No. 5 at 2.)

### B. Failure to Exhaust State Remedies

Generally, a petitioner must exhaust all state remedies before a federal court may entertain the issues presented. 28 U.S.C. § 22554(b) and (c); Picard v. Connor, 404 U.S. 270, 275 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners' federal rights." Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983). To satisfy the exhaustion requirement, petitioners must fairly present their contentions to the highest court of the state. Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the petitioner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Anderson v. Harless, 459 U.S. 4, 6 (1982); Pappageorge v. Sumner, 688 F.2d 1294 (9th Cir. 1982), cert. denied, 459 U.S. 1219 (1983).

///

"The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." Brown v. Maass, 11 F.3d 914, 915 (9th Cir. 1993)(per curium).  In the event there is an intervening change in federal law that casts the legal issue in a fundamentally different light, a petitioner must present the claims once again to the highest court.  Connor, supra, 404 U.S. at 276; Blair v. California, 340 F.2d 741, 743-44 (9th Cir. 1965).  Thus, "a state prisoner who believes that some decision of the United States Supreme Court subsequent to the state court decision in his case requires that his conviction or sentence be set aside should first pursue any state remedy which may be available to present that contention before applying for a federal writ of habeas corpus."  Blair, supra, 340 F.2d at 745.

On April 26, 2005, Petitioner raised his sentencing claim in his direct appeal. (Lodgment No. 3 at 7.)  The California Court of Appeal rejected Petitioner's argument relying on People v. Black, 35 Cal.4th 1238 (2005) (overruled in People v. Black, 41 Cal.4th 825 (2007)).  (Lodgment No. 5 at 2.)  On September 6, 2005, Petitioner filed a Petition for Review in the California Supreme Court contending that Black was wrongly decided. (Lodgment No. 6.) On October 14, 2005, the California Supreme Court denied the petition without comment.  (Lodgment No. 7.)[2]

---

[2] On December 7, 2006, Petitioner sought state collateral review by filing a Petition for Writ of Habeas Corpus in the superior court. (Lodgment No. 8.)  On January 2, 2007, the superior court denied the petition because Petitioner failed to raise new facts or law justifying reconsideration.  (Lodgment No. 9 at 2.)

Thus, because Petitioner presented his state sentencing claim to the California Supreme Court, he has exhausted available state remedies regarding the claim.

On January 19, 2007, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. [Doc. No. 1.] On January 22, 2007, the U.S. Supreme Court decided <u>Cunningham v. California</u>, _ U.S. _, 127 S. Ct. 856, 860, 970-71 (2007). On February 6, 2007, the Court dismissed the Petition without prejudice and with leave to amend. [Doc. No. 3.] The dismissal was based, in part, on Petitioner's failure to exhaust several claims. [Doc. No. 3.] On April 26, 2007 (nunc pro tunc to March 19, 2007), Petitioner filed a First Amended Petition which included only the present sentencing claim. [Doc. No. 10.]

Because the U.S. Supreme Court decided <u>Cunningham</u> before Petitioner filed the present Petition in federal court, it initially appears that Petitioner must resubmit his sentencing claim to the California state courts in order to fulfill the exhaustion requirement. <u>Blair</u>, <u>supra</u>, 340 F.2d at 745. However, the U.S. Supreme Court has held that where a state court has had a fair opportunity to determine the constitutional validity of a state statute at issue, a petitioner is not required to resubmit his constitutional claim to the state court for reconsideration based on an intervening change of law. <u>Francisco v. Gathright</u>, 419 U.S. 59, 62-63 (1974). Thus, while the present Petition was filed after the <u>Cunningham</u> decision, Petitioner need not resubmit his claim to the state courts because the state courts have already had a fair opportunity to determine the constitutional validity of California's sentencing laws.

### C. Application of the *Teague* Doctrine

Because Petitioner is seeking to benefit from a new rule of constitutional law, this Court must first decide whether the doctrine of Teague, supra, 489 U.S. 288, is implicated before considering the merits of Petitioner's claim. Caspari v. Bohlen, 510 U.S. 383, 389 (1994); Horn v. Banks, 536 U.S. 266, 271 (2002). The Teague doctrine is a "nonretroactivity principle" that "prevents a federal court from granting habeas relief to a state prisoner based on a rule announced after his conviction and sentence became final." Bohlen, supra, 510 U.S. at 389. There are, however, two exceptions to this rule. The Teague bar does not apply to (1) new rules forbidding certain primary, private individual conduct which is "beyond the power of the criminal law-making authority to proscribe;" or (2) new "'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." Teague, supra, 489 U.S. at 307; Saffle v. Parks, 494 U.S. 484, 495 (1990).

In conducting a Teague analysis, the Court must engage in a three-step inquiry. See Bohlen, supra, 510 U.S. at 390(setting out the three-step process). First, the Court must determine the date on which Petitioner's conviction and sentence became final. Beard v. Banks, 542 U.S. 406, 411 (2004). A conviction and sentence is final when all direct appeals have been exhausted and the time for filing of a petition for writ of certiorari in the U.S. Supreme Court has lapsed or that court has denied a timely filed petition. Bohlen, supra, 510 U.S. at 390. Second, the Court must survey the "legal landscape" as it appeared at the time the conviction became final and ask whether, under the U.S.

Constitution as interpreted by the precedent then existing, the rule is "new." <u>Banks</u>, <u>supra</u>, 542 U.S. at 411. A determination that the rule is "new" is not constitutionally compelled if the survey shows that "reasonable jurists" could differ about the outcome. <u>Bohlen</u>, <u>supra</u>, 510 U.S. at 395. Lastly, if the rule is "new," the Court must consider whether it falls into one of the two narrow exceptions to the nonretroactivity principle. <u>Banks</u>, <u>supra</u>, 542 U.S. at 411.

Here, the California Supreme Court denied Petitioner's Petition for Review on October 14, 2005. (Lodgment No. 7.) Petitioner's conviction became final 90 days later in January, 2006, well in advance of the January, 2007 <u>Cunningham</u> decision. <u>Bowen v. Roe</u>, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Contrary to Respondent's contentions, federal courts have found that the <u>Cunningham</u> decision announced a "new rule" within the meaning of <u>Teague</u>. <u>Flores v. Hickman</u>, 533 F. Supp. 2d 1068, 1079-80 (C.D. Cal. 2008); <u>Fennen v. Nakayema</u>, 494 F. Supp. 2d 1148, 1155-56 (E.D. Cal. 2007). Thus, the only remaining inquiry is whether the new rule falls into one of <u>Teague's</u> exceptions.

District courts in the Ninth Circuit have uniformly determined that neither of the <u>Teague</u> exceptions applies so as to make <u>Cunningham</u> retroactive.[3] With respect to the first exception, <u>Cunningham's</u> rule does not affect what type of conduct

---

[3] See <u>Som v. Evans</u>, 2008 WL 171010, at *4 (E.D. Cal. Jan. 18, 2008); <u>Jordan v. Evans</u>, 2007 WL 2703118, at *10 (S.D. Cal. Sept. 14, 2007); <u>Beyett v. Yates</u>, 2007 WL 2600745, at *2 (N.D. Cal. Sept. 10, 2007); <u>Zimmeth v. Hernandez</u>, 2007 WL 2556771, at *9 (S.D. Cal. Sept. 4, 2007); <u>Lopez v. Campbell</u>, 2007 WL 2500424, at *3 (E.D. Cal. Aug. 30, 2007); <u>Marquez v. Evans</u>, 2007 WL 2406867, at *9 (N.D. Cal. Aug. 20, 2007); <u>Bouie v. Kramer</u>, 2007 WL 2070330, at *3 (E.D. Cal. July 13, 2007).

may be punished. Thus, the Cunningham decision is considered procedural. Schardt v. Payne, 414 F.3d 1025, 1027 (2005) (noting that Cunningham heavily relied on the new procedural rule announced in Blakely v. Washington, 542 U.S. 296 (2004)); see also, e.g., Flores, supra, 533 F. Supp. 2d at 1080.

With respect to the second exception, a "new" procedural rule cannot be applied on collateral review of a conviction that became final before the rule was announced unless it is a "watershed rul[e] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Parks, supra, 494 U.S. at 495. The Ninth Circuit has determined that Blakely, supra, 542 U.S. 296, was not retroactive because it did not announce a watershed rule of criminal procedure. Schardt, supra, 414 F.3d at 1027; see also Flores, supra, 533 F. Supp. 2d at 1080 (stating that "requiring a jury to make factual findings on which an upper sentence is based, rather than a trial judge, does not announce a watershed rule."). Likewise, the Cunningham decision does not announce a watershed rule of criminal procedure and is thus not retroactive. Schardt, supra, 414 F.3d at 1027 (noting that Cunningham heavily relied on the rule announced in Blakely, supra, 542 U.S. 296 ). Ultimately, the nonretroactivity principle in Teague bars Petitioner from benefiting from Cunningham on collateral review in this Court.

**D. The Merits**

Even if this Court applied Cunningham retroactively, Petitioner's claim would still fail because the California Court of Appeal's decision was not contrary to, nor did it involve an unreasonable application of, clearly established U.S. Supreme

Court law.  Respondent correctly contends that Petitioner's claim should be denied on the merits because the trial court sentenced Petitioner within the statutory maximum and, even assuming the trial court erred, the error was harmless beyond a reasonable doubt.  (Answer at 12, 15.)

Since the U.S. Supreme Court decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), the law with respect to fact-finding determinations by the trial court for purposes of sentencing has undergone an evolution.  In 2000, the U.S. Supreme Court expanded a defendant's right to a jury trial under the Sixth Amendment to include fact-finding determinations which would be used to enhance sentences.  Apprendi, supra, 530 U.S. at 490.  Any fact, other than the fact of a prior conviction, which increases the penalty for a crime beyond the statutory maximum, must be submitted to a jury and proved beyond a reasonable doubt.  Id. at 490, 491-97; United States v. Booker, 543 U.S. 220, 244 (2005).  The "statutory maximum" is the maximum sentence that a judge may impose without making any additional findings of fact.  Blakely, supra, 542 U.S. at 303-04.  Only "[w]hen a judge inflicts punishment that the jury's verdict alone does not allow, . . . [does] the judge [exceed] his proper authority."  Id.

In 2007, the U.S. Supreme Court determined that California's former determinate sentencing law violated the Sixth Amendment because it allowed a judge to impose an elevated sentence based on aggravating factors it found to exist by a preponderance of the evidence.  Cunningham, supra, _ U.S. _, 127 S. Ct. at 860, 970-71.  The U.S. Supreme Court determined that the middle term specified in California's statutes, not the upper term, was the

relevant statutory maximum.[4]  Id. at 856, 871.

Nevertheless, the U.S. Supreme Court has recognized two exceptions under which the upper term becomes the statutory maximum and does not require a Sixth Amendment finding of proof beyond a reasonable doubt.  First, the trial court may use a fact admitted by a defendant to select the upper term.  Blakely, supra, 542 U.S. at 303.  Second, the trial court may select the upper term if the defendant had a prior conviction.  Id. at 301.  Thus, it follows that, as long as Petitioner was eligible for the upper term based on one of these two aggravating factors, the statutory maximum for Cunningham purposes is the upper term, not the middle term.  Accordingly, the only issue before this Court is whether the trial court *could* impose the upper term for possession of methamphetamine without any further findings admitted by the defendant or found by the jury to be true beyond a reasonable doubt.

Petitioner was arrested for possession of methamphetamine while he was on parole for a car-jacking conviction.  (CT at 11-12; Lodgment No. 5 at 1.)  Petitioner pled guilty to felony possession of methamphetamine.  (CT at 5-7; RT at 3.)  Petitioner admitted two prison prior convictions (CT at 47; RT at 3-4) and also admitted two strike priors under Penal Code sections 667(b)-

---

[4] At the time Petitioner's conviction and sentence became final, Penal Code § 1170(b) controlled the trial judge's decision whether to impose the upper or lower prison term.  The judge was to impose the middle term, unless there were circumstances in aggravation or mitigation of the crime.  (Penal Code § 1170(b); Cal. Rule of Court 4.420(a).)  Such circumstances were to be "established by a preponderance of the evidence."  (Cal. Rule of Court 4.420(b).)  The judge was allowed broad discretion in finding facts relating to mitigation and aggravation.  (See e.g., Cal. Rules of Court 4.421(a)(facts relating to the crime), 4.421(b)(facts relating to the defendant), and 4.421(c)(any other facts relating to aggravation).)

(i), 1170.12, and 668.  (CT at 47; RT at 3.)  The strike priors included a 1992 conviction for voluntary manslaughter and a 1993 conviction for car-jacking.  (CT at 3, 11.)  The plea was not negotiated with the prosecutor.  (CT at 5, 9; RT at 2; Answer at 5.)  Rather, sentencing was left up to the trial court with no limitation on the possible sentence.  (CT at 6; RT at 2; Answer at 5.)

Possession of methamphetamine is punishable by 16 months, two years, or three years in state prison.  (Cal. Health & Saf. Code §§ 18, 11377(a); CT at 1.)  A judge must impose a one-year consecutive sentence for each prison prior.  (Pen. Code § 667.5(b).)  Additionally, if a defendant has one strike prior, the determinate term for the offense may be doubled.  (Pen. Code § 667(e)(1).)  If a defendant has two strike priors, the term may be set at 25 years to life.  (Pen. Code § 667(e)(2)(A)(ii); CT at 7.)  Hence, under the terms of the plea, Petitioner acknowledged that he faced a maximum sentence of a 27-years-to-life term.  (CT at 15-16; RT at 2-3.)

Petitioner asked the trial court to strike the two strike priors.  (CT at 18-22.)  The trial court exercised its discretion and dismissed one of Petitioner's strike priors, thus eliminating the possibility of imposing a 25-years-to-life term.  (CT at 52; RT at 21.)  The trial court sentenced Petitioner to eight years, which consisted of the upper term for possession of methamphetamine (three years doubled to six for the remaining strike prior), plus two consecutive one-year terms for the prior prison sentences.  (CT at 52; RT at 21-22.)  The trial court stated that it selected the upper term pursuant to Rule

4.421(b)(5) because Petitioner's prior performance on probation or parole was unsatisfactory.[5] (RT at 21.) Petitioner never admitted that his performance on probation or parole was "unsatisfactory." (Lodgment No. 3 at 28.)

Petitioner correctly contends that the trial court did not use a fact admitted by Petitioner in selecting the upper term, nor did the trial court select the upper term because of a prior conviction. Blakely, supra, 542 U.S. at 301, 303. The trial court explicitly stated that its basis for selecting the upper term was because Petitioner's prior performance on probation or parole was unsatisfactory. (RT at 21.) Thus, although the trial court could have selected the upper term based on Petitioner's prior convictions, the trial court erred under Blakely in selecting the upper term based on the ground it utilized.[6]

---

[5] Rule 4.421(b) of the California Rules of Court provides that aggravating circumstances include factors relating to the defendant such as: "(1) The defendant has engaged in violent conduct that indicates a serious danger to society; (2) The defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceeding are numerous or of increasing seriousness; (3) The defendant has served a prior prison term; (4) The defendant was on probation or parole when the crime was committed; and (5) The defendant's prior performance on probation or parole was unsatisfactory." (Cal. Rule of Court 4.421(b).)

[6] Respondent argues that a finding of unsatisfactory performance on probation or parole falls within the "prior conviction" exception. (Answer at 13.) The U.S. Supreme Court has never defined the scope of the prior conviction exception. (Id.) While Respondent sets out several arguments as to why unsatisfactory performance on probation or parole should be included in "prior convictions," this Court is not persuaded by Respondent's argument. The U.S. Supreme Court has made clear that only facts admitted by the defendant and prior convictions may be used in selecting the upper term without a finding beyond a reasonable doubt. Blakely, supra, 542 U.S. at 301, 303. While other circuits have found that "prior conviction" encompasses factors such as *length* of sentence and *type* of sentence, the circuits have not extended "prior conviction" to performance *during* the sentence. (Answer at 13-14.) Moreover, California distinctly treats prior convictions and performance on probation or parole separately. (See Cal. Rule of Court 4.421(b)(2) & (5).)

1    Even though the trial court's reliance on this ground was
2 improper, Petitioner's criminal history establishes an
3 aggravating factor sufficient to make Petitioner eligible for the
4 upper term.  <u>Blakely</u>, <u>supra</u>, 542 U.S. at 301; (CT at 47; RT at 3-
5 4.)  Thus, Petitioner was not legally entitled to the middle
6 term, and his Sixth Amendment right to jury trial was not
7 violated by imposition of the upper term sentence even if
8 <u>Cunningham</u> were applied retroactively, which it properly is not.
9 Because Petitioner was eligible for the upper term and was
10 sentenced within that term, it is irrelevant that the trial court
11 based its decision to impose the upper term on its finding that
12 Petitioner's performance on probation or parole was
13 unsatisfactory beyond a preponderance of the evidence.  Thus,
14 Petitioner has failed to establish the requisite harm even if
15 <u>Cunningham</u> were applied in his case.  <u>Washington v. Recuenco</u>, 548
16 U.S. 212, 126 S. Ct. 2546, 2550 (2006) (holding that <u>Blakely</u>
17 errors are subject to the harmless error analysis).  Ultimately,
18 as Respondent correctly contends, the error was harmless.

19    After a thorough review of the record, this Court finds the
20 California Court of Appeal's denial of Petitioner's <u>Apprendi</u>/
21 <u>Blakely</u> sentencing claim was neither contrary to nor an
22 unreasonable application of clearly established federal law as
23 determined by the U.S. Supreme Court, nor was the decision based
24 on an unreasonable determination of the facts.  28 U.S.C. §
25 2254(d)(1)-(2).  Thus, the claim should be denied.

26 **V.    Recommendation**

27    After a thorough review of the record in this matter, the
28 undersigned magistrate judge finds that Petitioner has not shown

that he is entitled to federal habeas relief under the applicable legal standards.  Therefore, the undersigned magistrate judge hereby recommends that the Petition be **DENIED WITH PREJUDICE** and that judgment be entered accordingly.

This Report and Recommendation is submitted to the Honorable Thomas J. Whelan, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that not later than **May 27, 2008**, any party may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be served and filed not later than **June 10, 2008**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED:  April 24, 2008

Jan M. Adler
U.S. Magistrate Judge